OPINION
{¶ 1} Defendant-appellant Johnny Hardin appeals from his conviction and sentence, following a no-contest plea, upon one count of Attempted Rape, and one count of Gross Sexual Imposition. Hardin was sentenced to two years, the minimum possible sentence, for Attempted Rape, and to six months, again the minimum possible sentence, for Gross Sexual Imposition, the sentences to be served concurrently. Hardin was found to be a sexually oriented offender, the least-serious sexual offender classification, which is mandated by the nature of the offenses of which Hardin was convicted.
 {¶ 2} From his conviction and sentence, Hardin appeals.
 {¶ 3} Hardin's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, in which counsel represents that he has found no potentially meritorious issues for review. Pursuant to Anders v. California, supra, this court has afforded Hardin an opportunity to file his own, pro se brief. Hardin has not done so. Pursuant to Anders v. California,supra, we have performed our duty independently to review the entire record. We have found no potential assignments of error having arguable merit.
 {¶ 4} Specifically, we have found no rulings by the trial court before Hardin's no-contest plea that are arguably erroneous. We have examined the transcript of the plea hearing, and we find no claim of error having arguable merit relating to the taking of the plea by the trial court, which appears to have been exemplary.
 {¶ 5} With respect to the sentencing hearing, we have found no claims of error having arguable merit. Although the trial court had discretion to impose community control sanctions instead of incarceration, the minimal sentence of incarceration imposed cannot reasonably be argued to constitute an abuse of discretion, especially in view of the fact, alluded to by Hardin's trial counsel at the sentencing hearing, that he has had "a bunch of . . . low-level misdemeanor cases."
 {¶ 6} Finally, there can be no error in Hardin's sexual offender classification, since he received the least-serious classification possible — that of sexually oriented offender. In short, we conclude that there are no potential assignments of error having arguable merit, and that Hardin's appeal is wholly frivolous.
 {¶ 7} Accordingly, the judgment of the trial court is Affirmed.
Brogan and Grady, JJ., concur.